No. 2-09-0022     Filed:  3-1-10
_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| In re MARRIAGE OF | ) | Appeal from the Circuit Court |
| MICHAEL HEADY, | ) | of Du Page County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 96--D--1838 |
| | ) | |
| BRENDA HEADY, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | Honorable |
| (The Department of Healthcare and Family | ) | Timothy J. McJoynt, |
| Services, Intervenor-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE O'MALLEY delivered the opinion of the court:

The Department of Healthcare and Family Services (Department) appeals from an order of the circuit court of Du Page County providing that, so long as petitioner, Michael Heady, makes weekly payments on a child support arrearage owed to respondent, Brenda Heady, the Department may not engage in certain collection activities  We modify the order.

In 1998, the trial court dissolved Michael and Brenda's marriage.  The trial court awarded Brenda custody of the parties' three children and ordered Michael to pay $184.30 per week in child support.  The Department is providing Brenda with child support enforcement services pursuant to section 10--1 of the Illinois Public Aid Code (Code) (305 ILCS 5/10--1 (West 2006)).  By statute and in accordance with its own regulations, the Department may, inter alia, report a child support

arrearage to credit bureaus (89 Ill. Adm. Code §160.70(h), amended at 33 Ill. Reg. 12732, 12737, eff. September 1, 2009) or refer the arrearage to a private agency or to the Illinois Department of Revenue for collection (305 ILCS 5/10--3, 10--17.9 (West 2006); 89 Ill. Adm. Code §160.70(j), amended at 33 Ill. Reg. 12732, 12737, eff. September 1, 2009). The Department may also publish a "deadbeats most wanted list" consisting of the names of no more than 200 parents whose child support obligations are in arrears by more than $5,000. 305 ILCS 5/12--12.1(a) (West 2006).

In the fall of 2007, Michael filed a motion to reduce child support on the basis that two of the parties' children had reached the age of majority. While the motion was pending, the parties' youngest child reached the age of majority. On September 17, 2008, the trial court entered an order reducing child support to $108.59 per week. The reduction was made retroactive to November 29, 2007. The trial court concluded that Michael's obligation to pay child support terminated on June 1, 2008, because all three children were then emancipated. However, the trial court found that Michael owed $16,400 in past-due child support. The trial court entered judgment for that amount, "payable at the rate of $108.59 per week *** until paid in full." The judgment provided for service of an income withholding notice on Michael's employer. See 750 ILCS 28/20 (West 2006). Paragraph 9 of the trial court's September 17, 2008, judgment order provided, in substance, that, so long as Michael was current in his payments on the arrearage, the Department was barred from engaging in the collection activities mentioned above. The Department argues on appeal that the restriction on collection activities is improper.

The parties have advanced somewhat complex arguments touching on the powers and prerogatives of the executive branch vis-a-vis the judicial branch. In this regard, the parties examine the question of whether, consonant with principles of separation of powers and sovereign immunity,

the trial court may curtail the Department's use of the collection mechanisms authorized by various statutory provisions and related administrative regulations. Setting these concerns aside for the moment, there appears to be no dispute that, if the trial court erred in permitting repayment of the child support arrearage over time, it also erred in barring the Department from engaging in otherwise lawful collection activities. For all practical purposes, Michael acknowledges that paragraph 9 of the trial court's judgment order--the paragraph restricting collection activities--is purely ancillary to the provisions of the order establishing a schedule for payment of the child support arrearage. For instance, Michael contends that, "[o]nce the Trial Court entered an Order establishing a payment plan relative to [Michael's] child support obligation, [the Department] should be restricted from other types of enforcement relative thereto so long as he is current on said payments." (Emphasis added.) On the other hand, Michael expressly concedes that the Department "has authority to enforce each installment as it becomes due." Presumably he would also concede that, but for the "payment plan," there is no reason to restrict the Department's collection activities.

Therefore, the issue of whether it was proper for the trial court to permit Michael to pay the arrearage over time is potentially dispositive.[1] If the answer is no, the restrictions set forth in paragraph 9 of the trial court's judgment order would be erroneous regardless of whether they run afoul of principles of sovereign immunity and separation of powers.

As the Department correctly points out, section 505(d) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505(d) (West 2006)) provides:

"Any new or existing support order entered by the court *** shall be deemed to be a series of judgments against the person obligated to pay support thereunder, each such

---

[1]We do not consider payment schedules related to purgation of contempt.

judgment to be in the amount of each payment or installment of support and each such judgment to be deemed entered as of the date the corresponding payment or installment becomes due under the terms of the support order. Each such judgment shall have the full force, effect and attributes of any other judgment of this State, including the ability to be enforced."

It has been observed:

"It is a well-established rule that past-due installments of child support are the vested right of the designated recipient and are not subject to reduction either as to amount or time of payment. ***

In the proper case, however, courts have given effect to either an agreement between the parties or the doctrine of equitable estoppel to reduce the amount of child support arrearages. [Citations.] Since these two defenses act as a bar to an otherwise inflexible rule, either estoppel or waiver by agreement must be proved by clear and unequivocal evidence." (Emphases added.) Hoos v. Hoos, 86 Ill. App. 3d 817, 821 (1980).

The record reveals no basis for estopping the Department from collecting the child support arrearage, and any evidence of an agreement to permit repayment over time is equivocal at best. At the hearing on the Department's motion to reconsider, the Department's counsel argued as follows:

"[T]he State [sic] respectfully requests that this Court reconsider its ruling ***; namely that it enter a judgment in the amount of $16,400 for arrearages, *** with payments set thereon at the rate of [$]108.59 per week for entry of that order with no limitations or prohibitions on the Department['s] *** ability to collect past due support ***."

Although it is not entirely clear what counsel had in mind in asking the court to order the arrearage paid in installments, it seems likely that counsel merely contemplated that $108.59 was a proper amount to withhold from Michael's employment income pursuant to the Income Withholding for Support Act (750 ILCS 28/1 et seq. (West 2006)). Be that as it may, given counsel's insistence that the Department have the unrestricted right to collect past-due support, it cannot be said that the Department unequivocally agreed to modification of the time for payment of support or to waive the vested right to collect the arrearage by means beyond withholding employment income. It was therefore error to restrain the Department from engaging in enforcement activities.

For the foregoing reasons, we modify the judgment of the circuit court of Du Page County by striking paragraph 9 from the order of September 17, 2008.

Affirmed as modified.

JORGENSEN and SCHOSTOK, JJ., concur.