# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 10-3975

KRISTINE P. PURCELL,

*Plaintiff-Appellee*,

*v.*

BANK OF AMERICA,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 1:09-CV-356 JTM—**James T. Moody**, *Judge*.

ARGUED SEPTEMBER 8, 2011—DECIDED OCTOBER 3, 2011

Before EASTERBROOK, *Chief Judge*, and BAUER and SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. According to a complaint filed in state court, Bank of America told credit agencies that Kristine Purcell is behind in payments on a loan, even though the Bank knows that she isn't. If Purcell's allegations are correct, then the Bank has violated the Fair Credit Reporting Act, 15 U.S.C. §1681s–2(a), and perhaps state law too. The Bank removed the suit to

federal court and moved for judgment in its favor—because, although Purcell's claim arises under §1681s–2(a), that section does not create a private right of action. See *Perry v. First National Bank*, 459 F.3d 816 (7th Cir. 2006). Section 1681s–2(c)(1) provides that the portions of the Act allowing awards of damages to private parties do not apply to claims under subsection (a). That leaves enforcement in the hands of state and federal agencies under §1681s and §1681s–2(d). The district court accordingly dismissed Purcell's federal claim. 2010 U.S. Dist. LEXIS 126704 (N.D. Ind. Nov. 30, 2010).

Once the federal portion of a removed suit has been resolved, remand to state court is appropriate. See *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). But the Bank contends that Purcell's state-law theories are preempted by §1681t(b), which says: "No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under . . . (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." (Some exceptions follow; none applies to Purcell's claim.) The district court decided to adjudicate this federal defense—and rejected it, holding that the word "laws" in §1681t(b) is limited to state statutes, leaving claims based on state common law free to proceed, because §1681t(a) provides that state-law claims are *not* preempted, except to the extent specified by §1681t(b). Instead of remanding the case, the district judge then dismissed Purcell's common-law claims without prejudice to refiling in state court.

The Bank has appealed from this final decision; it contends that the dismissal should have been with prejudice.

The district court's conclusion that the word "laws" in a federal statute refers to state statutes but not state common law produces a sense of déjà vu. This is how *Swift v. Tyson*, 41 U.S. 1 (1842), understood the word "laws" in the Rules of Decision Act, now codified at 28 U.S.C. §1652. But *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), overruled *Swift* and held that a reference to state "laws" comprises all sources of legal rules, including judicial opinions. It is hard to see why the judiciary should again tread *Swift*'s path. Many modern decisions about preemption follow *Erie* and hold that a federal statute preempts state common law to the same extent as it preempts state statutory law. *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), is the most recent; it collects others.

The district court saw a difference between "law," which it thought refers to all sources of law, and "laws," which the judge thought refers only to statutes. *Swift* reached the same conclusion (the Rules of Decision Act refers to state "laws" rather than "law"); *Erie* held otherwise. Under the Dictionary Act, 1 U.S.C. §1, "words importing the plural include the singular". Legislative-drafting manuals used by both the House and the Senate instruct legislators to write all statutes in the singular in order to avoid ambiguity. See *House Legislative Counsel's Manual on Drafting Style* §351(g) (1995); Office of the Legislative Counsel, United States Senate, *Legislative Drafting Manual* §§ 104, 113 (1997). The inter-

pretive problems generated by §1681t(b)(1) demonstrate the wisdom of that advice.

Neither manual suggests that "law" be used to designate all sources of law, while "laws" be used to designate statutes. What reason could Congress have had for distinguishing between statutory and common law in such an obscure way? For that matter, what reason would the legislature have had for preempting state statutes regulating information sent to credit bureaus, while not preempting state common law regulating the same subject? The district court did not suggest one.

Only one appellate decision has considered the meaning of the word "laws" in §1681t(b), and it holds that the word refers to all sources of legal rules—statutes, regulations, judicial decisions, and administrative decisions. *Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 106–07 (2d Cir. 2009). The second circuit dealt with prescreening consumer reports, about which §1681t(b)(1)(A) preempts state law, while this suit concerns §1681t(b)(1)(F). But the word "laws" appears in the opening sentence of paragraph (1), not in either subparagraph (A) or subparagraph (F). The conclusion of *Premium Mortgage* necessarily applies to every subparagraph of §1681t(b)(1). We could not affirm the district court here without going into conflict with *Premium Mortgage*.

The district court thought it necessary to read §1681t(b)(1) narrowly in order to avoid inconsistency with 15 U.S.C. §1681h(e), which says: "Except as provided in sections 1681n and 1681*o* of this title, no con-

sumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." The judge understood this language to preserve claims based on "false information furnished with malice or willful intent to injure" the consumer, which §1681t(b)(1)(F), if it covers all sources of law, would preempt because they come within the ambit of §1681s–2(a). The district court's statute-only reading of §1681t(b)(1)(F) makes room for at least some state-law suits alleging wilfully or maliciously false credit reports.

Other district judges likewise have seen §1681t(b)(1)(F) as incompatible with §1681h(e) and have given the former a narrowing construction. The statute-only approach preferred by the district judge in this case has found favor with several district judges. See, e.g., *Manno v. American General Financial Corp.*, 439 F. Supp. 2d 418, 425 (E.D. Pa. 2006); *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1376 (N.D. Ga. 2004); *Carlson v. TransUnion, LLC*, 259 F. Supp. 2d 517, 521 (N.D. Tex. 2003). Some other district judges have held that §1681h(e) governs information provided before the furnisher had

notice of a dispute, while §1681t(b)(1)(F) governs information provided after notice. See, e.g., *Hukic v. Aurora Loan Services, Inc.*, 2007 U.S. Dist. Lexis 64629 at *33–38 (N.D. Ill. Aug. 31, 2007); *Aklagi v. Nationscredit Financial Services Corp.*, 196 F. Supp. 2d 1186, 1194–96 (D. Kan. 2002).

Unlike these judges, we do not perceive any inconsistency between the two statutes. Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; §1681t(b)(1)(F) preempts more of these claims. Section 1681h(e) does not create a *right* to recover for wilfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added §1681t(b)(1)(F) to the United States Code. The same legislation also added §1681s–2. The extra federal remedy in §1681s–2 was accompanied by extra preemption in §1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, §1681h(e), to defeat the later-enacted system in §1681s–2 and §1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

Our point is not that §1681t(b)(1)(F) repeals §1681h(e) by implication. It is that the statutes are compatible: the first-enacted statute preempts some state regulation of reports to credit agencies, and the second-enacted statute preempts more. There is no more conflict between these laws than there would be between a 1970

statute setting a speed limit of 60 for all roads in national parks and a 1996 statute setting a speed limit of 55. It is easy to comply with both: don't drive more than 55 miles per hour. Just as the later statute lowers the speed limit without repealing the first (which means that, if the second statute should be repealed, the speed limit would rise to 60 rather than vanishing), so §1681t(b)(1)(F) reduces the scope of state regulation without repealing any other law. This understanding does not vitiate the final words of §1681h(e), because there are exceptions to §1681t(b)(1)(F). When it drops out, §1681h(e) remains. But, even if our understanding creates some surplusage, courts must do what is essential if the more recent enactment is to operate as designed.

The district court invoked a different canon: that a specific statute prevails over a general statute. See *Radzanower v. Touche Ross & Co.*, 426 U.S. 148 (1976). As the debate between the Justices in *Radzanower* demonstrates, it can be hard to determine which statute is more specific. Is it §1681h(e), because it deals with wilful falsehoods while §1681t(b)(1)(F) does not mention scienter, or is it §1681t(b)(1)(F), because it deals with the sort of claim covered by §1681s–2, while §1681h(e) does not mention that statute? There is no answer to such a question; each statute is more specific in one respect and more general in another. The specific-over-general canon gets us nowhere and does not offer a good reason to depart from the norm that courts do not read old statutes to defeat the operation of newer ones—and using §1681h(e) to preserve state-law claims that come within

the scope of §1681s–2 would defeat the 1996 decision that administrative action rather than litigation is the right way to deal with false reports to credit agencies.

The judgment of the district court is reversed, and the case is remanded with instructions to enter judgment for the Bank on all of Purcell's claims, state and federal alike.