10-3722-cv
Macpherson v. JPMorgan Chase Bank, N.A.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2011

(Argued: September 22, 2011                    Decided: December 23, 2011)

Docket No. 10-3722-cv
————————————————————

SEAN STEWART MACPHERSON,

*Plaintiff-Appellant*,

v.

JPMORGAN CHASE BANK, N.A.,[1]

*Defendant-Appellee*.

————————————————————

Before:  POOLER, B.D. PARKER, and CARNEY, *Circuit Judges*.

————————————————————

Appeal from a judgment of the United States District Court for the District of

Connecticut (Thompson, *J.*), dismissing a consumer's state common law tort claims against an

entity alleged to have knowingly furnished false information to a consumer credit reporting

agency.  We hold that the Fair Credit Reporting Act, 15 U.S.C. § 1681t(b)(1)(F), preempts the

consumer's state law claims for defamation and intentional infliction of emotional distress.

AFFIRMED.

---

[1] The Clerk of Court is directed to amend the caption as shown above.

FOR APPELLANT:     Sean Stewart Macpherson, *pro se*, Redding, CT.

FOR APPELLEE:      Noah A. Levine (Daniel S. Volchok, *on the brief*), Wilmer Cutler
                   Pickering Hale and Dorr LLP, New York, NY, and Washington, D.C.;
                   (Thomas Edward Stagg and Debra Lynne Wabnik, Stagg, Terenzi,
                   Confusione & Wabnik, LLP, Garden City, NY, *on the brief*).

PER CURIAM:

Proceeding *pro se*, Sean Stewart Macpherson appeals from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*), dismissing his state common law tort claims against JPMorgan Chase Bank, N.A.  Because we agree that the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681t(b)(1)(F), preempts Macpherson's state law claims against Chase, we affirm the district court's judgment.

Macpherson alleges that Chase willfully and maliciously provided false information about his finances to Equifax, a consumer credit reporting agency.  Based on these reports, Equifax reduced his credit score, to his detriment.  Macpherson sued Chase in state court in Connecticut for this alleged conduct, asserting state common law claims against Chase for defamation and intentional infliction of emotional distress.

 Chase removed the suit to federal court and moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Macpherson's claims are preempted by FCRA.  In a careful and thorough decision, the district court agreed and granted Chase's motion. No. 3:09CV1774, 2010 WL 3081278 (D. Conn. Aug. 5, 2010).  Macpherson timely appealed.

The sole issue on appeal is whether FCRA preempts Macpherson's state law claims.  We review *de novo* a district court's application of preemption principles.  *Drake v. Lab. Corp. of Am. Holdings*, 458 F.3d 48, 56 (2d Cir. 2006).  Chase contends, and the district court held, that Macpherson's claims are preempted by § 1681t(b)(1)(F) of FCRA.  This section, a general

preemption provision enacted in 1996—over twenty years after FCRA first took effect—provides, in relevant part:

> No requirement or prohibition may be imposed under the laws of any State—
>
> (1) with respect to any subject matter regulated under—
>
> . . .
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F). Macpherson acknowledges that his allegations of false reporting concern conduct regulated by § 1681s-2. Read literally, therefore, § 1681t(b)(1)(F) bars Macpherson's state law tort claims.

Macpherson contends, however, that his claims survive the 1996 preemption provision by virtue of another section of the statute, § 1681h(e). Enacted in 1970 as a part of the original legislation, § 1681h(e) provides, as relevant here:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, . . . *except as to false information furnished with malice or willful intent to injure such consumer.*

15 U.S.C. § 1681h(e) (emphasis supplied). Notwithstanding the broad language of the 1996 amendment, Macpherson maintains that § 1681h(e) amounts to an explicit authorization of certain state common law tort claims that are based on "false information furnished with malice or willful intent to injure." He urges us to reconcile the conflict that his reading of § 1681h(e) engenders by holding that the 1996 amendment preempts only state statutes, and not state common law actions, that are inconsistent with FCRA.

In *Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103 (2d Cir. 2009), we expressly rejected the argument that § 1681t(b) preempts only state statutory law. *Id.* at 106. We adopted

3

instead a more literal reading of the phrase "[n]o requirement or prohibition"—a reading that was endorsed by a plurality of the Supreme Court in *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992), in its discussion of a similar preemption argument: "The phrase '[n]o requirement or prohibition' sweeps broadly and suggests no distinction between positive enactments and common law; to the contrary, those words easily encompass obligations that take the form of common-law rules." *Id.* at 521. The same section and introductory language—"[n]o requirement or prohibition may be imposed under the laws of any State"—applies here, and our holding in *Premium Mortgage* forecloses Macpherson's limited reading of the 1996 amendment.

Moreover, and more importantly, Macpherson's basic premise is false: the 1996 provision, § 1681t(b)(1)(F), is not in conflict with § 1681h(e), and § 1681h(e) does not insulate state tort actions from preemption. As the Seventh Circuit recently explained in *Purcell v. Bank of America*, 659 F.3d 622 (7th Cir. 2011), "[s]ection 1681h(e) preempts *some* state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) [simply] preempts *more* of these claims." *Id.* at 625 (emphasis supplied). Put differently, the operative language in § 1681h(e) provides only that the provision does not preempt a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption. As the *Purcell* court persuasively reasoned:

> Section 1681h(e) does not create a *right* to recover for wilfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s-2. The extra federal remedy in § 1681s-2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later-enacted system in § 1681s-2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

*Id.* We agree.

4

Having determined that § 1681h(e) is compatible with § 1681t(b)(1)(F), and that Macpherson's state law claims are preempted by the plain language of § 1681t(b)(1)(F), we need not address Macpherson's remaining statutory interpretation arguments.

Accordingly, the judgment of the district court is **AFFIRMED**.