**340**

Dr. Yelena MARKOVSKAYA, Plaintiff,

v.

**AMERICAN HOME MORTGAGE SERVICING, INC.,**
Defendant.

No. CV 11–108.

United States District Court,
E.D. New York.

June 6, 2012.

Ronald A. Lenowitz, Esq., Woodbury, for Plaintiff.

McElroy Deutsch Mulvaney & Carpenter, LLP, by Richard P. Haber, Esq., Morristown, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, Yelena Markovskaya ("Plaintiff") commenced this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA" or the "Act") and New York State law. Plaintiff alleges that Defendants wrongfully reported information regarding the timeliness of mortgage payments to credit reporting agencies, and that such information had an adverse impact on her credit rating. Presently before the court is the motion of Defendants, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

### I. The Parties and Plaintiff's Mortgage

The facts set forth below are drawn from documents properly before the court, including Plaintiff's deposition testimony.

On May 11, 2005, Plaintiff purchased a cooperative apartment located in Great Neck, New York (the "Apartment"). The purchase was financed under a note and security agreement (the "Mortgage"), pursuant to which Plaintiff borrowed $289,580 from American Home Mortgage Corporation ("AHMC"). American Home Mortgage Servicing, Inc. ("AHMSI") is the entity that serviced the Mortgage and the Defendant herein. For purposes of this motion, the court refers herein to AHMC and AHMSI collectively as "AHM."

In view of the fact that the Apartment was a unit in a cooperative residence, the cooperative corporation, and not the Plaintiff, was responsible for the payment of certain county and school taxes. Despite this form of ownership, Plaintiff testified that toward the end of 2005, AHM began wrongfully escrowing part of her mortgage payments for taxes. This escrow resulted in AHM continually claiming an insufficiency in Plaintiff's monthly mortgage payment. By 2008, Plaintiff began to receive letters from AHM advising her of a deficiency. Plaintiff brought the tax escrow and other allegedly wrongfully applied payment issues to the attention of AHM. She testified as to multiple occasions during 2008 when she attempted, without success, to correct the alleged misapplication of funds by. Plaintiff testified that she continued to have difficulty with respect to misapplication of payments through 2009. AHM eventually conceded that mistakes were made and refunded certain payments to Plaintiff. Nonetheless, according to Plaintiff, AHM continued to make further mistakes with respect to her mortgage payments. While she continually contacted AHM during 2008 and 2009, it is clear that Plaintiff did not contact any credit reporting agency during that time period.

In 2010, Plaintiff attempted to refinance the Mortgage, but her application was denied. The denial of that refinance was stated to be based upon poor payment history with respect to the Mortgage. After the denial, Plaintiff hired an attorney to assist in her dealings with AHM. Plaintiff's attorney sent a letter to AHM dated May 12, 2010, demanding that it correct its mistakes with respect to Plaintiff's account. Plaintiff states that the attorney also prepared a letter which Plaintiff sent to credit agencies to obtain her credit report.

In a letter dated June 28, 2010, AHM wrote to Plaintiff advising her that AHM investigated the issues raised, and that credit reporting agencies were sent notices indicating that payments were properly made by Plaintiff in September of 2008, and March 2009 through May of 2010.

That letter advised Plaintiff that the processing of credit correction was a matter within the control of the credit bureaus alone. AHM stated that it could not therefore predict when Plaintiff's records would be updated. AHM provided Plaintiff with the toll-free telephone numbers of four credit reporting agencies so that she could inquire further as to the status of her credit. On July 14, 2010, AHM corresponded with Plaintiff's attorney, explaining an issue with respect to the maintenance of insurance, and also confirming that it had corrected certain derogatory payment history information previously reported.

Plaintiff testified that she continued to contact credit agencies during the summer and through September of 2010, even after being informed by AHM that they had contacted those agencies with respect to mistaken negative reports. On December 30, 2010, Plaintiff paid the entire balance due on the Mortgage. She states, however, that her credit continues to suffer as a result of the allegedly wrongful reporting by AHM. In particular, Plaintiff testified that she was considering applying for a mortgage to purchase a different property. While that application was not made, Plaintiff testified that she was advised by a mortgage broker that her application for credit would have been denied because of the prior reports by AHM. Plaintiff has had no contact with any credit reporting agencies since September 28, 2010. She testified at her deposition that she has no knowledge as to whether any credit reporting agency has contacted AHM with respect to Plaintiff's credit.

In support of this motion, AHM has submitted the affidavit of Cindi Ellis, its Assistant Secretary (the "Ellis Affidavit"), along with relevant records. The Ellis Affidavit recites that it is based upon personal knowledge, and a review of the company's business records. Paragraph 6 of the Ellis Affidavit states clearly and without equivocation that AHM never received notice from any of the credit reporting agencies regarding Plaintiff's payment history. This statement is referred to in AHM's statement of undisputed material facts submitted pursuant to Rule 56.1 of the Local Rules of this court, and is not controverted in Plaintiff's counterstatement submitted pursuant to that rule.

## II. The Motion for Summary Judgment

Plaintiff's amended complaint sets forth two causes of action. The first is a state common law claim for defamation of credit. Plaintiff's second cause of action is alleged pursuant to the FCRA, and asserts that Defendant unlawfully reported credit information concerning the Plaintiff. Defendants move for summary judgment on all claims. Judgment on the state claim is sought on the ground that any such claim is preempted by Federal law. Judgment as to the FCRA claim is sought on the ground that Plaintiff cannot show, as required to state a private cause of action, that AHM ever received notice of any discrepancy from a credit reporting agency. After outlining relevant legal principles the court will turn to the merits of the motion.

## DISCUSSION

### I. Legal Principles

#### A. Standards For Granting Summary Judgment

A motion for summary judgment is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. *McLee v.*

*Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). When determining whether an issue of fact exists, the court is bound to examine the evidence in the light most favorable to the non-moving party and draw all factual inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

However, when the nonmoving party fails to make a showing on an essential element of its case with respect to which it bears the burden of proof, summary judgment will be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party resisting summary judgment must not only show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 242, 106 S.Ct. 2505.

■ If matters outside of the pleadings are presented and not excluded by the court, the motion must be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(d). In such a case the court must give all parties a reasonable opportunity to present "all material that is pertinent to the motion." *Watts v. Services for the Underserved*, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). Discovery is ongoing in this matter and it is not likely that sufficient evidence can be garnered at this juncture to properly consider a motion for summary judgment. The court holds, therefore that it will not consider matters outside of the pleadings and will therefore not convert this motion, pursuant to Rule 12(d), to a motion for summary judgment. The court will, accordingly, consider this motion as a motion to dismiss.

### B. Liability Under the FCRA

■ The purpose of the FCRA is to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The FCRA imposes obligations on credit reporting agencies as well as entities, like AHM, that furnish credit information to reporting agencies. *See Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678 *13 (S.D.N.Y.2006). Duties imposed on such "furnishers" of information are set forth in Sections 1681s–2(a) and (b) of the FCRA. *Neblett v. Chase Bank*, 2010 WL 3766762 *4 (S.D.N.Y.2010).

Section 1681s–2(a) discusses a furnisher's duty to report accurate information and its ongoing duty to correct and update inaccurate information. Section 1681s–2(b) governs the furnisher's duties after receiving notice from a credit reporting agency regarding the accuracy of credit information.

As to Section 1681s–2(a), enforcement is limited to government agencies and officials. 15 U.S.C. § 1681s–2(d) (limiting enforcement of Section 1681s–2(a) to statutorily identified federal and state agencies and officials); *Fashakin v. Nextel Communications*, 2006 WL 1875341 *4 (E.D.N.Y. 2006); *Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678 *14.

■ Courts recognize a private cause of action, however, pursuant to Section 1681s–2(b). A claim is stated pursuant to that section, however, only if plaintiff shows that: (1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in "willful or negligent noncompliance with the statute." *Redhead*

*v. Winston & Winston, P.C.*, 2002 WL 31106934, at *5 (S.D.N.Y. Sept. 20, 2002). Where a consumer shows only that the furnisher received notice of the dispute from the consumer, but not from a credit reporting agency, no claim is stated. *Neblett*, 2010 WL 3766762 *5; *Fashakin*, 2006 WL 1875341 *5; *Redhead*, 2002 WL 31106934 *5. Thus, under Section 1681s–2(b) a furnisher of credit information has no duty to investigate a credit dispute unless it has received notice of the dispute from the credit reporting agency. *Fashakin*, 2006 WL 1875341 *5 (FCRA duty to investigate triggered only after furnisher received notice from a credit reporting agency).

## II. *Disposition of the Motion*

### A. *The State Claim is Preempted*

 The Second Circuit has held clearly that state law claims such as that alleged by Plaintiff for defamation of credit are preempted by the FCRA. *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47–48 (2d Cir.2011). Accordingly, the court grants the motion for summary judgment dismissing Plaintiff's state law claim on the ground of preemption.

### B. *Plaintiff Fails to State a Claim Under the FCRA*

It is clear that Defendant is a furnisher of information, and not a credit reporting agency. Accordingly, as set forth above, Plaintiff's only claim can be pursuant to Section 1681s–2(b). As noted, such a claim is stated only when Plaintiff can show that the furnisher received information regarding a consumer's credit directly from a credit reporting agency, and not only from the consumer.

As noted above, Plaintiff testified that she complained to AHM from sometime during 2005 through 2010. Plaintiff states that she sent a letter, prepared by her attorney in 2010, to credit agencies.

There is no evidence, however, that any such agency contacted AHM directly with respect to Plaintiff's account. Indeed, the evidence provided by AHM is completely to the contrary. Thus, the Ellis Affidavit, submitted on personal knowledge and a review of the company's business records, shows that no such contact was ever made. Moreover, Plaintiff failed to contradict Defendant's Rule 56.1 statement asserting that it never received notice from a credit reporting agency regarding Plaintiff's account. Under these circumstances, there is no evidence that any information concerning Plaintiff's credit came directly from any credit reporting agency to AHM. Therefore, Plaintiff states no claim pursuant to the FCRA and Defendant is entitled to summary judgment.

## CONCLUSION

The motion for summary judgment is granted. The Clerk of the Court is directed to terminate the motion for summary judgment and to close the file in this case.

SO ORDERED