NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 5, 2013[*]
Decided April 8, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2083

| | |
|---|---|
| DAVID JOHNSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 C 6960 |
| TRANS UNION, LLC, et al., | |
| *Defendants-Appellees.* | Gary S. Feinerman, |
| | *Judge.* |

**O R D E R**

David Johnson contends that three consumer reporting agencies violated the Fair Credit Reporting Act when they issued credit reports disclosing overdue child support. The district court granted summary judgment to the defendants because Johnson did not put forward evidence that they reported any inaccurate information about him. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Johnson and his ex-wife divorced in 2004, and the Circuit Court of Cook County ordered him to pay $888 per month to support his two children. The Illinois Department of Healthcare and Family Services ("HFS"), which is responsible for enforcing and collecting child support obligations in Illinois, *see* 89 ILL. ADMIN. CODE § 160.10(a), (d)(4), later informed Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC, that Johnson was more than $15,000 past due on his child support payments. The defendants included this information on Johnson's credit reports. Johnson then repeatedly contacted the defendants, asserting that the arrearage was invalid and demanding that it be deleted from his credit reports. In response to Johnson's protests, the defendants contacted HFS to investigate the validity and the amount of the past-due child support.[1] Each time, HFS confirmed that Johnson was significantly behind on his child-support payments and informed the defendants of small changes to the amount he owed.

Johnson then sued the three credit reporting agencies in federal court, alleging that they violated the FCRA by failing to follow reasonable procedures to ensure the accuracy of his credit information, *see* 15 U.S.C. § 1681e(b), and by failing to properly reinvestigate after he complained of an inaccuracy, *see id.* § 1681i(a). He also brought state-law claims for negligence, negligent interference with prospective economic advantage, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/10a. Johnson twice attempted to add additional claims to his complaint after the district court's deadline for amending pleadings had passed (he first tried to add claims for constitutional violations under 42 U.S.C. § 1983 and later sought leave to amend his complaint to add state-law claims for defamation of credit, false light, and invasion of privacy). The court denied Johnson's requests to amend his complaint to add these claims.

The district court granted summary judgment for the defendants. The court concluded that Johnson could not prevail on his FCRA claims because he provided no evidence that his consumer reports included inaccurate information. Johnson had challenged the accuracy of the reports because they were based on information received from HFS—an administrative agency—rather than a court order, but the court explained that Illinois law authorized HFS to determine the existence and the amount of any past-due child support. And after HFS reported (and verified, repeatedly) Johnson's arrearage, the defendants were not merely permitted, but required to put that information on Johnson's credit report. *See* 15

---

[1] On one occasion, defendant Experian did not reconfirm the arrearage with HFS, because Experian had recently looked into Johnson's complaints and confirmed with HFS that the debt was valid.

U.S.C. § 1681s-1. The court also granted summary judgment on Johnson's negligence-based state-law claims on the ground that the FCRA preempted them. *See id.* § 1681h(e).[1]

On appeal, Johnson makes a litany of implausible arguments (he argues, for example, that the doctrine of *res ipsa loquitur* requires judgment in his favor, and that his First Amendment right to petition the government has been violated) to challenge the district court's grant of summary judgment. But all of Johnson's arguments fall short for a simple reason: As the district court recognized, there is no evidence that the defendants reported *any* inaccurate information about him. Johnson must prove that something in his credit report was inaccurate, or at least misleading, to show that the defendants' procedures were unreasonable under 15 U.S.C. § 1681e(b), *see Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004); *Henson v. CSC Credit Services*, 29 F.3d 280, 284, 285 n.4 (7th Cir. 1994); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010), or that the defendants failed to reasonably reinvestigate under 15 U.S.C. § 1681i, *see Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004) (without evidence that the defendant "disclosed incorrect information," the plaintiff cannot prove a violation of the FCRA's reinvestigation requirement), *abrogated on other grounds by Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56 & n.8, 71 (2007); *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66–68 (1st Cir. 2008). But at summary judgment, Johnson presented no competent evidence suggesting that the amounts of past-due child support the defendants reported were wrong.

Johnson insists that he produced evidence of an inaccuracy by showing that the defendants' reports relied on information provided by an administrative agency, HFS, rather than a judicial order. This argument is meritless, and we have little to add to the district court's explanation. After the Circuit Court of Cook County ordered Johnson to pay child support following his divorce, HFS became responsible for "enforcing and collecting" Johnson's child support obligation. 89 ILL. ADMIN. CODE § 160.10(d)(4); *see In re Marriage of Heady*, 924 N.E.2d 1187, 1188 (Ill. App. Ct. 2010) (describing HFS's enforcement functions). If Johnson fell behind significantly on his child support payments, HFS was *required* to report that information to consumer reporting agencies. *See* 89 ILL. ADMIN. CODE § 160.70(h)(1) (HFS "shall report" to consumer reporting agencies the amount of past-due child support). The defendants, in turn, were *required* to put that information in Johnson's credit report. *See* 15 U.S.C. § 1681s-1 ("a consumer reporting agency shall include in any consumer report . . . any

---

[2]The court concluded that Johnson abandoned his claim under the Illinois Consumer Fraud and Deceptive Business Practices Act because he did not address it in his summary judgment briefing. Johnson does not contest this conclusion on appeal, so we do not review it.

information on the failure of the consumer to pay overdue support which is provided . . . by a State or local child support enforcement agency; or . . . verified by any local, State, or Federal Government agency"). By including past-due child support information reported by HFS in Johnson's credit report, and repeatedly verifying the accuracy of that information in response to his requests, the defendants were not violating the FCRA—they were complying with its express commands.

We can dispose of Johnson's other arguments in short order. The district court properly concluded that Johnson's state-law claims were preempted by the FCRA, because Johnson provided no evidence of the defendants' "malice or willful intent to injure." 15 U.S.C. § 1681h(e); *see Purcell v. Bank of America*, 659 F.3d 622, 624–25 (7th Cir. 2011); *Ross v. F.D.I.C.*, 625 F.3d 808, 814–17 (4th Cir. 2010). Moreover, the court did not abuse its discretion in denying Johnson's attempts to amend his complaint on grounds of futility: Johnson could not have recovered under 42 U.S.C. § 1983, because the defendants are not state actors, *see Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815–16 (7th Cir. 2009), and the additional state-law claims would also be preempted by the FCRA, *see Purcell*, 659 F.3d at 624–25; *Ross*, 625 F.3d at 814–17. Finally, the entry of summary judgment against Johnson does not violate his Seventh Amendment right to a jury trial. *See Burks v. Wisc. Dep't of Transp.*, 464 F.3d 744, 759 (7th Cir. 2006).

AFFIRMED.