**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1171-15T3

RISIKATV OLAJIDE,

    Plaintiff-Appellant,

v.

ONEMAIN FINANCIAL,

    Defendant-Respondent.

_____

Submitted March 1, 2017 — Decided  June 23, 2017

Before Judges Simonelli and Gooden Brown.

On appeal from the Superior Court of New
Jersey, Law Division, Somerset County, Docket
No. DC-001626-15.

Risikatv Olajide, appellant pro se.

Zeichner Ellman & Krause, LLP, attorneys for
respondent (William T. Marshall, Jr., on the
brief).

PER CURIAM

    Proceeding pro se, plaintiff Risikatv Olajide appeals from
the September 30, 2015 Law Division order dismissing her complaint
against OneMain Financial for failure to state a claim pursuant
to <u>Rule</u> 4:6-2(e).  The trial court dismissed without prejudice

plaintiff's fraud and breach of contract claims, but dismissed with prejudice plaintiff's claim implicating the Fair Credit Reporting Act (FCRA), 15 U.S.C.A. §§ 1681 to 1681x. Having considered the arguments and applicable law, we affirm.

I.

Because the complaint was dismissed for failure to state a claim upon which relief can be granted, we "review plaintiff['s] factual allegations indulgently[.]" Cornett v. Johnson & Johnson, 211 N.J. 362, 388 (2012). "'[P]laintiffs are entitled to every reasonable inference of fact,'" and "'[t]he examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach.'" Green v. Morgan Props., 215 N.J. 431, 452 (2013) (alterations in original) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "[O]ur inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint[,]" to determine "whether a cause of action is suggested by the facts[,]" Printing Mart-Morristown, supra, 116 N.J. at 746 (citations omitted). Thus, our analysis is conducted de novo, following the same standard employed by the motion court. Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012).

The dispute arises out of an unsecured personal loan plaintiff obtained from defendant on July 23, 2009, for the principal sum of $12,870.99, with an annual percentage rate (APR) of 21.99%, for a total payment of $21,425.40 over the expected five-year life of the loan. After the first monthly payment of $456.21, plaintiff was obligated to make fifty-nine monthly payments of $355.41 and the loan terms specified that interest would accrue on all unpaid principal. Thereafter, to ease the financial burden in meeting her monthly payments, plaintiff executed four loan modification agreements, each known as an Adjustment of Term Agreement (AOT), resulting in reduced interest rates, lower monthly payments and an extended loan term.

The first AOT executed on March 18, 2010, temporarily reduced the interest rate to 14.76% and the monthly payments to $200 until August 6, 2010. The March 2010 AOT reflected an unpaid principal balance of $12,513.26 as of March 18, 2010 plus deferred charges of $497.65, for a total balance of $13,010.91 and a revised maturity date of April 5, 2015.

The second AOT executed on October 20, 2010, temporarily reduced the interest rate to 16.06% and the monthly payments to $210 until March 6, 2011. The October 2010 AOT reflected an unpaid principal balance of $12,513.26 as of October 20, 2010 plus

A-1171-15T3

deferred charges of $879.03, for a total balance of $13,392.29 and a revised maturity date of November 5, 2015.

The third AOT executed on April 28, 2011, temporarily reduced the interest rate to 16.38% and the monthly payments to $210 until March 6, 2012.  The April 2011 AOT reflected an unpaid principal balance of $12,362.39 as of April 28, 2011 plus deferred charges of $1,229.33, for a total balance of $13,591.72 and a revised maturity date of August 5, 2016.

The fourth and final AOT executed on April 16, 2012, permanently reduced the interest rate to 12.49% and the monthly payments to $180 for the balance of the loan term.  The April 2012 AOT reflected an unpaid principal balance of $12,300.44 as of April 16, 2012 plus deferred charges of $1,575.50, for a total balance of $13,875.94 and a revised maturity date of May 5, 2022.

Ultimately, in December 2013, plaintiff defaulted on the loan by deliberately discontinuing all loan payments.  According to plaintiff, after paying $11,286.00 on the loan, she still had a remaining balance of $13,226.90.  Plaintiff believed she was being defrauded and sued defendant for breach of contract and fraud.  In her complaint, filed on April 20, 2015, plaintiff alleged breach of contract by defendant misrepresenting the amount financed as $19,086.39, rather than $12,870.99.  Plaintiff claimed that in 2012, the amount financed was fraudulently reported as $19,086.39

4

on defendant's website, confirmed by defendant's representative, and reported to Experian, a credit reporting agency. Plaintiff appended to her complaint the 2009 loan disclosure statement, two monthly statements, and an Experian printout.

On May 29, 2015, defendant filed a motion to dismiss the complaint pursuant to Rule 4:6-2(e) and supplied the court with copies of the AOTs as well as a chart containing a comprehensive analysis of payments plaintiff made on the loan. Initially, the court acknowledged that its consideration of those materials did not convert the motion to one for summary judgment. R. 4:6-2(e). See Myska v. New Jersey Mfrs. Ins., 440 N.J. Super. 458, 482 (App. Div.) (holding that a motion to dismiss pursuant to Rule 4:6-2(e) is not converted to a motion for summary judgment where the movant or another party files with the court a document referenced in the pleadings), appeal dismissed, 224 N.J. 523 (2016). Over plaintiff's objection, the court granted defendant's motion, concluding that plaintiff "failed to state a claim upon which relief may be granted."

Regarding plaintiff's breach of contract claim, the court determined that "[p]laintiff voluntarily signed the [l]oan note and agreed to be bound by the terms of the instrument." The court noted "[i]t appears . . . [p]laintiff did not realize that by signing the loan note for $12,870.99 of credit provided by

[d]efendant, [p]laintiff agreed to pay $8,554.41 for that extension of credit, making her liable for $21,425.40." The court explained, however, that ignorance about how interest accrued on unpaid principal was "not a valid defense to a motion to dismiss."

Regarding plaintiff's fraud claim, the court determined that plaintiff's complaint failed "to allege a misrepresentation of a material fact upon which [p]laintiff reasonably relied, which resulted in damages." The court explained:

> [T]he [n]ote clearly outlines the total amount due on the loan. The [n]ote clearly states that interest is to accrue on all unpaid principal. The [n]ote states clearly at the top of the page that the annual percentage rate (APR) on the loan is 21.99%. There is no ambiguity on the face of the instrument. Plaintiff affixed her signature to the original loan [n]ote, thereby agreeing to the terms of the [n]ote. Plaintiff also included statements of the balance on the [n]ote to her [c]omplaint, which indicates that [d]efendant regularly disclosed the outstanding balance to [p]laintiff.

In addressing plaintiff's claim that defendant misrepresented the amount financed to Experian, the court determined that such a claim "based on the allegation that [d]efendant furnished credit information improperly to a credit reporting agency" was preempted by the FCRA, 15 U.S.C.A. § 1681t(b)(1)(F). Accordingly, the court dismissed that claim with prejudice. This appeal followed.

6

On appeal, plaintiff argues that the court "abused its discretion and committed an error of law in granting [defendant's] [m]otion to [d]ismiss the [c]omplaint pursuant to [Rule] 4:6-2(e)." Plaintiff asserts that since she was "representing herself pro se," she "should have been given a liberal standard at the dismissal stage" and allowed "to amend the complaint" "[i]f there was further explanation needed[.]" We respond by underscoring that plaintiff's fraud and breach of contract claims were dismissed without prejudice.

Nonetheless, plaintiff continues that she "presented overwhelming evidence" that defendant "changed the amount of the principal and term of the [l]oan without notice and without [plaintiff's] signature." While acknowledging that she "agreed to modifications of a lower interest rate," she disputes agreeing to any other changes "from the original 2009 [l]oan" and attributes the fact that she "has solely been making payments towards interest and nothing towards principal" to defendant's "misrepresentations[.]" We disagree with plaintiff's contentions and affirm substantially for the reasons articulated by Judge Kevin M. Shanahan in his well-reasoned written statement of reasons dated September 30, 2015. We add only the following brief comments.

When a complaint fails to make "the necessary factual allegations and claims for relief[,]" the pleading must be deemed inadequate. <u>Miltz v. Borroughs-Shelving, a Div. of Lear Siegler, Inc.</u>, 203 <u>N.J. Super.</u> 451, 458 (App. Div. 1985). The resulting motion to dismiss for failure to state a claim pursuant to <u>Rule</u> 4:6-2(e) "may not be denied based on the possibility that discovery may establish the requisite claim; rather, the legal requisites for plaintiff['s] claim must be apparent from the complaint itself." <u>Edwards v. Prudential Prop. & Cas. Co.</u>, 357 <u>N.J. Super.</u> 196, 202 (App. Div.) (citation omitted), <u>certif. denied</u>, 176 <u>N.J.</u> 278 (2003). Based on our indulgent reading of plaintiff's complaint, we are satisfied that it was properly dismissed by the court.

First, we agree with the court that plaintiff failed to make a cognizable breach of contract claim. On that score, it is well-settled that a "written contract is formed when there is a meeting of the minds between the parties evidenced by a written offer and an unconditional, written acceptance." <u>Morton v. 4 Orchard Land Trust</u>, 180 <u>N.J.</u> 118, 129-30 (2004) (citation omitted). "Where the terms of a contract are clear and unambiguous there is no room for interpretation or construction and [courts] must enforce those terms as written." <u>Kutzin v. Pirnie</u>, 124 <u>N.J.</u> 500, 507 (1991) (citation omitted). Plaintiff does not dispute the validity of

the underlying 2009 loan agreement, her receipt of the loan proceeds from defendant, or her execution of the AOTs. By any measure, plaintiff's complaint is devoid of any averment that can be properly characterized as a breach of contract and, for that reason, it was correctly dismissed by the court.

Likewise, to state a claim for common law fraud, plaintiff was required to allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997). Plaintiff's complaint fails to allege facts sufficient to state a claim for common law fraud and was therefore properly dismissed by the court.

The FCRA establishes a system of uniform requirements regulating the use, collection and sharing of consumer credit information, and preempts all state statutory or common law causes of action relating to the obligations and responsibilities of furnishers of credit to consumer reporting agencies. Macpherson v. JP Morgan Chase Bank, N.A., 665 F.3d 45, 47-48 (2d Cir. 2011), cert. denied, 566 U.S. 975, 132 S. Ct. 2113, 182 L. Ed. 2d 870 (2012); Purcell v. Bank of Am., 659 F.3d 622, 625 (7th Cir. 2011). Therefore, plaintiff's complaint accusing defendant of

misrepresenting the amount financed to Experian is clearly preempted by the FCRA.

For the first time on appeal, plaintiff raises claims that defendant's alleged fraudulent conduct breached its covenant of good faith and fair dealing and violated federal and state laws, specifically the Home Ownership Equity and Protection Act, 15 U.S.C.A. §§ 1601 to 1651, and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20. Plaintiff neither alleged these causes of action in her complaint nor raised them before the trial judge. This court "'will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Since these issues are neither jurisdictional in nature nor implicate the public interest, we decline to consider them.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-1171-15T3