Hines v MicroBilt Corp. (2025 NY Slip Op 02329)

Hines v MicroBilt Corp.

2025 NY Slip Op 02329

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2023-06102
 (Index No. 572/22)

[*1]Duane Hines, appellant, 
v
MicroBilt Corporation, et al., respondents.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Troutman Pepper Hamilton Sanders LLP, New York, NY (Angelo A. Stio III of counsel), for respondent MicroBilt Corporation.
Quilling, Selander, Lownds, Winslett & Moser, P.C., New York, NY (Camille R. Nicodemus of counsel), for respondent TransUnion Interactive, Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated May 16, 2023. The order, insofar as appealed from, granted the motion of the defendant MicroBilt Corporation pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and, upon granting the application of the defendant TransUnion Interactive, Inc., to join in that motion, in effect, directed dismissal of the complaint insofar as asserted against the defendant TransUnion Interactive, Inc.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, directed dismissal of the complaint insofar as asserted against the defendant TransUnion Interactive, Inc., is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In September 2022, the plaintiff, Duane Hines, commenced this action against the defendants, MicroBilt Corporation (hereinafter MicroBilt) and TransUnion Interactive, Inc. (hereinafter TransUnion). The plaintiff alleged that on or about October 12, 2018, he placed a security freeze and a fraud prevention alert on his consumer credit reports. The plaintiff alleged that some time thereafter, he looked over his TransUnion consumer credit report and noticed that an "unauthorized entity" had accessed his report via MicroBilt on October 14, 2019, and October 30, 2020. The plaintiff alleged that the defendants "recklessly, negligently and willfully disregarded Plaintiff's active security freeze and fraud prevention alert when they disseminated Plaintiff's consumer report to this unauthorized entity."
TransUnion interposed an answer, and MicroBilt moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The plaintiff opposed MicroBilt's motion.
In an order dated May 16, 2023, the Supreme Court granted MicroBilt's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The court also granted TransUnion's application to join in that motion and, upon granting the application, in effect, directed dismissal of the complaint insofar as asserted against TransUnion. The plaintiff appeals.
The Supreme Court properly determined that the plaintiff's common-law tort causes of action were preempted by the Fair Credit Reporting Act (15 USC 1681 et seq. ; see Macpherson v JPMorgan Chase Bank, 665 F3d 45, 47; Premium Mtge. Corp. v Equifax, Inc. , 583 F3d 103; Rogers v Equifax Info. Servs. LLC , 2024 WL 2862363, 2024 US Dist LEXIS 101077 [ED NY, June 6, 2024, No. 23-CV-0537 (RPK/TAM)]; Munroe v Nationstar Mtge LLC , 207 F Supp 3d 232).
The plaintiff's remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
Accordingly, we affirm the order insofar as appealed from.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court